Deaderick, C. J.,
delivered the opinion of the court.
Complainant, as judgment creditor of James, filed this bill in the chancery court of Dyer county to set aside, as fraudulent, a deed of trust made by James to secure Doyle & Watkins’ two notes (which, it appears, were afterwards paid), and also to indemnify them as sureties or stayors of judgments in favor of McCoy.
The deed conveyed two lots described therein, upon one of which James resided with his family. And the deed provided that upon the sale of the lot on which he resided $1,000 were to be retained as the amount of the homestead exemption. This deed was dated March 1, 1871.
The property was sold, and $1,000 of the sale remained in the hands of the trustee, Doyle. In December, 1871, Doyle & Watkins attached this fund to pay the debt due to McCoy, or to reimburse themselves for its payment, alleging that it was created before 1870, and that the defendant James was not entitled to an exemption of the homestead against said debt.
E. Wilson held two notes on James, executed respectively in January and February, 1871, and he also filed his bill against James, attaching said $1,000 in the hands of the trustee. James answered the bill of Watkins & Doyle and admitted his indebtedness to McCoy, and that complainants were his stayors, and had paid the debt to Doyle, which was contracted before 1870, but insisting, as the deed of trust was made and was accepted by complainants after 1870, he ought not to be deprived of the homestead fund. The chancellor, however, gave a decree for complainants in both bills, subjecting the $1,000 fund to the payment of both their claims.
In the meantime, in April, 1872, Byrnes filed his bill *647 making James and wife and Doyle & Watkins defendants, insisting that his debt was entitled to priority of satisfaction; that it was made in 1865, renewed in 1868 by note upon which suit was brought in 1869, and judgment obtained in the circuit court in February, 1872; that a memorandum of this judgment was registered in Dyer county, in March, 1872, and his attachment bill filed in April, 1872.
The two records and decrees were pleaded and given in evidence by Doyle & Watkins and Wilson to show that they were entitled to be first satisfied out of the reserved $1,000. The chancellor, however, decreed that complainant Byrnes was first entitled to satisfaction out of the $1,000, and Doyle & Watkins and Wilson to have a pro rata division of-the residue, it being insufficient to pay them in full, and from this decree James, Doyle, Watkins, and Wilson have appealed.
For Byrnes it is insisted that the bills of Doyle & Wat kins and Wilson contain no allegations authorizing the issuance of attachments. They do' not distinctly charge such facts as authorize the issuance of attachments, as specified in the statutes, but they allege that James has no other means for the satisfaction ~of his claims than the $1,000 in the hands of Doyle, and they fear and believe that said James, unless restrained^ will demand and take possession of said sum, and thus defeat the collection of their claims, and pray that the said sum be attached and applied to the satisfaction of their debt; and this was done upon a proper fiat of the chancellor, and a decree rendered in their favor. James did not, by plea of abatement cr otherwise, make any issue upon the propriety or legality of the issuance of the attachment, but answered to the merits, and the decrees rendered were not appealed from, but remain in full force.
The allegations in complainant Byrnes’ bill, upon which he predicates his prayer for an attachment, are very similar *648 to those of the other two bills, and. quite as defective. Nor do we think that there is any evidence of fraud in fact, or fraud in law, in the deed of trust. But under the allegations and admissions in the pleadings neither James or his wife could have successfully resisted the subjection of the lots to the payment of the McCoy judgment, which Doyle & Watkins have paid, nor to the Byrnes claim. But it having been adjudicated that Watkins and Doyle and Wilson were entitled to have satisfaction out of this $1,000 fund, and said decrees remaining unappealed from, and in full force, we see no ground upon which they should be postponed to the complainant Byrnes, as ordered by the chancellor. Their attachments were first levied, and at the time Doyle &■ Watkins stayed the McCoy judgment, this lot, or its proceeds, were liable to said judgment, and rightfully applied to their indemnity upon their payment thereof.
The chancellor’s decree will be reversed, and a decree will be entered here, that the costs of this court and the court below will be paid out of the fund in the hands of Doyle, trustee, and then that the amount of the McCoy judgment paid by Doyle & Watkins be paid to them; and next, the amount decreed to Wilson shall be paid, and the residue shall be paid on the decree in favor of complainant Byrnes.